UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

MANTAS RODZEVICIUS,

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER TAMMIE GARCIA, Shield No. 20329, and POLICE OFFICER GINA RAMOS, Shield No. 15445,

Defendants.

--------------------------------------X

COMPLAINT
(Jury Trial Demanded)

21 Civ.

Plaintiff Mantas Rodzevicius, by his attorney Scott A. Korenbaum, Esq., for his Complaint, allege as follows:

## INTRODUCTION

1. Plaintiff Mantas Rodzevicius brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights. On September 4, 2019, at approximately 7:15 p.m., defendant Tammie Garcia, a member of the New York City Police Department ('NYPD"), arrested Mr. Rodzevicius in the presence of her co-defendant, Gina Ramos, knowing that probable cause was lacking for his arrest.

2. Subsequent to his arrest, defendant Garcia lied to an Assistant District Attorney assigned to the Manhattan District Attorney's Office when she falsely accused Mr. Rodzevicius of repeatedly attempting to strike her with a closed fist. Thereafter, she subjected Mr. Rodzevicius to a baseless prosecution when she swore out a false accusatory instrument. Having obtained a favorable termination of his criminal prosecution, Mr. Rodzevicius brings suit to redress these aspects of the violation of his federal constitutional rights.

JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Rodzevicius' claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claim of Mr. Rodzevicius arising under the common law of the State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper as a substantial part of the events or omissions giving rise to Mr. Rodzevicius' claims occurred in Manhattan.

PARTIES

5. Mr. Rodzevicius is a citizen of the United States. He resides in the State of New York, County of New York.

6. Defendant Garcia, at all times relevant herein, was assigned to the 28th Precinct. Upon information and belief, she is still a member of the Department and currently assigned to Housing PSA 5.

7. At all times relevant herein, defendant Garcia was acting within the scope of her employment and under color of law.

8. Defendant Ramos, at all times relevant herein, was assigned to the 28th Precinct. Upon information and belief, she is still a member of the Department and still assigned to the 28th Precinct.

9. At all times relevant herein, defendant Ramos was acting within the scope of her employment and under color of law.

10. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant

herein, it was the employer of the individually named defendants.

ADMINISTRATIVE PREREQUISITES

11. On August 10, 2020, Mr. Rodzevicius filed a timely Notice of Claim with the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his criminal prosecution.

12. On January 27, 2021, Mr. Rodzevicius attended a hearing conducted by the City pursuant to Gen. Mun. L. § 50-h.

13. At least thirty days have elapsed since Mr. Rodzevicius filed his Notice of Claim and adjustment or payment thereof has been neglected or refused. This action was commenced within one year and 90 days from the date of the occurrences alleged therein, as required under Section 50-i of the General Municipal Law.

FACTS UNDERLYING THE COMPLAINT

14. On September 4, 2019, Mr. Rodzevicius was babysitting his then three-year old daughter, who resided with her mother, Marjorie Desir, at 212 West 111th Street (the "building"). Mr. Rodzevicius and his daughter spent the day together.

15. Unbeknownst to Mr. Rodzevicius, defendants Garcia and Ramos had arrived at the building in response to a report of stolen packages. One of the residents whose package had been stolen was Ms. Desir.

16. As seen on video, Ramos and Garcia speak with two building residents on the sixth floor of the building. Approximately 7-10 minutes later, Yoliema Gonazalez goes to Ms. Desir could meet with the defendants.

17. Because Ms. Desir was not home, Ms. Gonzalez spoke briefly with Mr.

Rodzevicius. Mr. Rodzevicius and his daughter then followed her to the 6th floor.

18. After he and his daughter got out of the elevator, Mr. Rodzevicius begins to speak with Garcia and Ramos about his girlfriend's stolen package. In response to Mr. Rodzevicius' questions regarding how to fill out a report, Garcia became hostile. In an elevated voice, Garcia told him to call 911, or 311.

19. At some point in their interaction, Ramos attempted to provide Mr. Rodzevicius with a form for his girlfriend to fill out. Garcia intervened and told him that his girlfriend should call the police, which did not make any sense.

20. Frustrated, Mr. Rodzevicius intended to write down Garcia's shield number so that he could file a complaint. He asked Ramos for a piece of paper, which she gave him.

21. As Mr. Rodzevicius started to take down Garcia's shield number, Garcia began yelling that she was going to arrest him. Stunned, and knowing that he had done nothing wrong, Mr. Rodzevicius held out his arms and said go ahead and arrest me in a sarcastic tone. Garcia then placed Mr. Rodzevicius' hands behind his back and arrested him right in front of his three-year old daughter.

22. Garcia and Ramos drove Mr. Rodzevicius to the 28th Precinct for arrest processing. Approximately three hours later, he was released with a Desk Appearance Ticket.

23. On October 29, 2019, Mr. Rodzevicius made his first court appearance. He was charged with Menacing in the Third Degree (Penal L. § 120.15).

24. Garcia provided the information contained in the accusatory to the DA's Office. The Misdemeanor Complaint provided, in relevant part, as follows: "I observed the defendant advance towards me while he was screaming at me. I warned him several times repeatedly to step

away from me. The defendant refused to step away from me and continued screaming at me. I then observed the defendant swing his closed fists at me several times while screaming at me in substance: GO AHEAD, ARREST ME." ..

25. The allegations contained in the Misdemeanor Complaint, which Garcia had previously related to the DA's Office, were false, as the video of Mr. Rodzevicius's arrest makes clear. Among other things, Mr. Rodzevicius never screamed as he advance towards Garcia, Garcia never warned Mr. Rodzevicius to step away from her, and Mr. Rodzevicius never swung his closed fists at Garcia several times while screaming at her in substance: "go ahead, arrest me."

26. Mr. Rodzevicius made approximately three court appearances. The DA's Office dismissed the criminal prosecution because it could not prove the charges beyond a reasonable doubt. On June 22, 2020, the criminal prosecution was officially dismissed.

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983--False Arrest)

27. Mr. Rodzevicius repeats and realleges the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

28. On September 4, 2019, Garcia arrested Mr. Rodzevicius.

29. Garcia did not have probable cause to believe that Mr. Rodzevicius had committed any crime. Put simply, Mr. Rodzevicius did not engage in any conduct that warranted his arrest and detention.

30. As a result of Garcia's conduct, Mr. Rodzevicius was detained, and at all times he knew he was detained. Moreover, Mr. Rodzevicius did not consent to his confinement.

31. Because Garcia did not have probable cause to believe that Mr. Rodzevicius had committed a crime, his arrest was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

32. As a result of his arrest by Garcia, Mr. Rodzevicius suffered psychological injuries, and continues to suffer psychological harm. Moreover, as a result of his arrest, Mr. Rodzevicius suffered non-permanent physical injuries.

SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983--Malicious Prosecution)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

34. On September 4, 2019, Garcia arrested Mr. Rodzevicius without probable cause.

35. As a result of his arrest, the DA's Office prosecuted Mr. Rodzevicius for the conduct for which he was arrested. In prosecuting Mr. Rodzevicius, the DA's Office relied upon the information provided by Garcia, and the accusatory instrument she signed.

36. Following the commencement of his criminal prosecution, Mr. Rodzevicius remained detained as result of his arrest. He was required to appear in court to answer the baseless charges against him. Moreover, his ability to travel freely outside the State of New York was restricted.

37. Ultimately, the criminal prosecution commenced against Mr. Rodzevicius terminated in his favor. The DA's Office dismissed the criminal proceedings against Mr. Rodzevicius because it could not prove his guilt beyond a reasonable doubt. On June 22, 2020, the criminal prosecution was formally dismissed.

38. At all times relevant herein, Garcia acted with malice. She knew that Mr. Rodzevicius was actually innocent of the offense with which she charged him.

39. As such, the conduct of Garcia violated Mr. Rodzevicius's rights protected by the Fourth and/or Fourteenth Amendments to the United States Constitution.

40. As a result of his arrest and subsequent prosecution, Mr. Rodzevicius suffered, and continue to suffer, psychological harm.

THIRD CLAIM FOR RELIEF
(State Law--Malicious Prosecution)

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40, as if fully set forth herein.

42. The above-referenced conduct also violated Mr. Rodzevicius' right to be free from a malicious prosecution under the laws of New York State.

43. Garcia was an agent of defendant City and was at all relevant times acting within the scope of her employment.

44. As a result of his arrest and subsequent prosecution, Mr. Rodzevicius suffered, and continue to suffer, psychological harm.

45. As the employer of Garcia, defendant City is responsible for Mr. Rodzevicius' injuries under the doctrine of *respondeat superior*.

FOURTH CLAIM FOR RELIEF
(42 U.S.C. § 1983–Fabrication of Evidence)

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45, as if fully set forth herein.

47. Following Mr. Rodzevicius' arrest, Garcia fabricated evidence against him.

Garcia falsely told the DA's Office, among other things, that Mr. Rodzevicius screamed at her as he advance towards her, that Garcia warned Mr. Rodzevicius to step away from her, and that Mr. Rodzevicius swung his closed fists at Garcia several times while screaming at her in substance: "go ahead, arrest me."

48. Those baseless allegations were material because such evidence, if true, would likely influence a jury to find Mr. Rodzevicius guilty in a criminal prosecution.

49. The DA's Office relied on this information in prosecuting Mr. Rodzevicius.

50. Garcia acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Mr. Rodzevicius's rights.

51. As a result of his arrest and subsequent prosecution, Mr. Rodzevicius suffered, and continue to suffer, psychological harm.

FIFTH CLAIM FOR RELIEF
(42 U.S.C. § 1983–Failure to Intervene)

52. Mr. Rodzevicius repeats and realleges the allegations contained in paragraphs 1 through 51, as if fully set forth herein.

53. At all times relevant herein, Ramos knew, or should have known, that no basis existed for the arrest and/or prosecution of Mr. Rodzevicius.

54. More than enough time existed for Ramos to intervene and to halt, or attempt to stop, Garcia's actions.

55. Nonetheless, Ramos stood idly by while she witnessed the treatment of Mr. Rodzevicius.

56. The conduct of Garcia violated Mr. Rodzevicius's rights protected by the Fourth

and Fourteenth Amendments to the United States Constitution.

57. Because of Ramos' failure to intervene, Mr. Rodzevicius suffered physical and psychological injuries, and continue to suffer psychological injuries.

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all issues.

PRAYER FOR RELIEF

WHEREFORE, Mantas Rodzevicius prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
September 20, 2021

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff
14 Wall Street, Suite 1603
New York, New York 10005
(212) 587-0018

By: ______________________
Scott A. Korenbaum